Good morning, Your Honour. My name is Daniel Fong. I appear on behalf of the Petitioner. Your Honour, may I reserve a couple of minutes? That's fine. Thank you, Your Honour. Your Honour, the most important issue of this case is whether the presumption of delivery of the hearing notice was rebutted. When Petitioner has submitted an affidavit stating that she never received a hearing notice, when Petitioner counsel submitted an affidavit stating that he never received a hearing notice, when Petitioner has initiated the proceeding to obtain a benefit, appears at an earlier hearing and has no motive to avoid the removal hearing. Your Honour, in Sorter v. INS, this court held that where Petitioner initiated a proceeding to obtain a benefit, appears at an earlier hearing and has no motive to avoid hearing as one affidavit from Sorter that she never received the notice is ordinarily sufficient to rebut the presumption of delivery and entitle Sorter to an evidentiary hearing to consider the reversity of her allegation. Counsel, did she come on the 25th when she thought the hearing was? She thought the hearing was on November 25th, 2003. Yes. Did she come to the court at that time? No, because she had already received a notice that she was ordered removed in abstention. What date did she receive that notice? I believe it was before November 25th, 2003, Your Honour. But you don't know the exact date? I don't know the exact date, Your Honour. You were her counsel at the time? No, Your Honour, I was not her counsel. Her counsel actually got, didn't he get telephonic notice as well? No, Your Honour. Doesn't the record show that he got telephonic notice? No, Your Honour, her ex-counsel called the 800 number, which is a telephonic database that indicates a hearing date. And the telephonic database indicated that the hearing was on November 18, 2003. But the notice indicated that the hearing was on November 25th. Okay, so he's got a notice of November 25th, so what does he do? Her ex-counsel called the immigration court, and the clerk of the immigration court assured him that there was a problem within the telephonic database, and the hearing was due on November 25th, 2003. Because of the assurance of the clerk of the immigration court, both the petitioner and her counsel just relied on the only hearing notice they had, which indicated that the hearing was on November 25th, 2003, Your Honour. When he talked to the clerk at the immigration court, she didn't say about the particular hearing, but said that individual hearings would be the 25th. Is that right? When the petitioner's counsel called the immigration court, he wanted to find out whether the hearing was on November 18 or November 25th. And the clerk told him that the hearing was due on November 25th, Your Honour. Let me ask you a question. I know you've said that counsel has said that he didn't get the mail notice of the change. Is that anywhere in the record? Is that actually anywhere in the record that counsel did not get the mail notice? Does he submit an affidavit anywhere? Is there anything in the record? Yes, there's a petitioner's ex-counsel submitting an affidavit that he never received the mail notice. Where is that affidavit? I'll be honest with you. I didn't see it in the record. I could have missed it. Something must have triggered his call to the clerk. Ordinarily, he wouldn't call. He would have just appeared on the 25th, I assume. Right. But something caused him to call. That's right. Did he get the notice that said the change to the 18th? I believe that the ex-counsel's staff called the 800 number to verify the hearing dates. And the staff told the ex-counsel that the hearing was rescheduled to November 18. And that's why the ex-counsel, upon learning that Petitioner's ex-counsel called the Immigration Court to find out whether the hearing has been rescheduled. And Your Honor, talking about the ex-counsel's staff... Could you get back to Judge Paez's question? Where in this record does it show that... You might be thinking of, attached to the original motion to reopen, there is an affidavit by... Is it Hsu? The client. Yes, it's on. And then right below that, there is another affidavit that says, I, Joel Spence, attest to the facts as presented in the attached motion to reopen. But if you read the motion to reopen, it just talks about the respondents, meaning I gather the individual clients, Hsu. Yeah, it doesn't really say he didn't get the notice. Your Honor, I believe that when Petitioner submitted a brief to this court, her ex-counsel, Joel Spence, submitted another affidavit stating that he never received the... Okay, well... He didn't submit that to the IJ. I'm not sure that it's critical, but you did start out by making that statement, and I... Judge Ezra didn't strike me as being consistent with the record. Your Honor, in the motion to reopen, the motion to reopen that was submitted by Petitioner's ex-counsel, and he stated in the motion to reopen that he didn't receive the hearing notice. It's on the administrative record, page 78. 78? Right, Your Honor. Okay, well, we can look at the record, too. Your Honor, Petitioner has met all the requirements set forth in Sorter. She submitted an affidavit that she never received a hearing notice, asking her to appear on November 18, 2003. According to the only notice she had, the hearing date was on November 25, 2003. She has previously submitted an asylum application to the Department of Homeland Security. By doing so, she had initiated a proceeding to obtain the benefits. She attended all of her previous hearings. According to the record, she had attended at least six hearings prior to the November 18 hearing. After she was ordered removed, she timely filed a motion to reopen, a motion to reconsider, an appeal to the BIA, and also a petition for review. All these efforts indicated that Petitioner had no motive to avoid a hearing on November 18. Let me ask you another question. Did Judge Munoz, the immigration judge, did she rule on the motion to reopen just on the paper? Was there a hearing? Just on the paper, Your Honor. Okay. No hearing was held. All right. Thank you, Your Honor. Save your time for rebuttal. You've got a minute and a half. Thank you, Your Honor. Good morning. The only issue before this Court is the denial of the motion to reconsider. Petitioner never appealed the denial of her motion to reopen before the Board of Immigration appeals, and therefore there was no petition. Why didn't the I.J. commit an error of law? I'm sorry? Why didn't the I.J. commit an error of law when she ruled on the motion to reopen? That's the issue. Right. In other words, let me tell you what concerns me, which is under our case law, with respect to motions to reopen, we generally take the agencies to take the facts as true, unless they're implausible or just fanciful. Correct. And then make a decision based on those facts. Now, here, that's what happened. Judge Munoz just ruled on the paper. She should have taken the statements in the motion as true, which I think under If you do that under, is it SALTA? SALTA, I believe it is. It seems like that's enough for at least to create, present enough evidence to rebut that she, you know, that the fact of mailing meant that she received the notice, and to require an evidentiary hearing to resolve the issue. The immigration judge did consider the affidavit that Petitioner submitted with her motion to reopen. In that affidavit, Petitioner made five statements. Those statements were that she was scheduled, she believed she was scheduled to appear on November 25, 2003, that she had not changed her mailing address, that she hadn't received any notice, and that she had no intention of banning her case. From those statements, the immigration judge noted that there was no statement regarding whether her attorney had received the notice or not, that she had not changed her mailing address, and therefore there was constructive notice that she received the rescheduling of the hearing, as the notices were mailed to both the attorney and Petitioner. The notices were not mailed back to the immigration court. There was no evidence that they did not receive these notices. The only time that the Petitioner attorney submitted an affidavit implying that he didn't receive notice was with the brief that was submitted before this court, and that affidavit is not properly before this court. It is not record evidence. It was not placed before the immigration judge to see. Now, this case is also different from SALTA, which Petitioner so heavily relies upon. In SALTA, what had happened was the procedures for mailing notices had changed from certified mail to regular mail. And when the Petitioner and SALTA did not receive her notice, in her motion to reopen, she simply stated that I did not receive notice. The Board of Immigration Appeals found this to be insufficient, because there were certain standards that were set forth for certified mail as to showing non-received. This court found that those standards no longer apply when not mailing by certified mail, and therefore remanded the proceedings to the BIA to set forth a new standard, and said that generally a sworn affidavit stating that neither the party nor some other responsible party residing at the address didn't receive notice would be sufficient, and to allow Ms. SALTA in her reopened proceedings to submit such an affidavit. Here, Petitioner was aware what she needed to do in her motion to reopen. She needed to file an affidavit stating that neither she nor some responsible party received the notice. She knew that she had to file an affidavit, and therefore she did file an affidavit with her motion to reopen. But in that affidavit, there is no statement indicating that the attorney did not receive notice of the hearing. Sotomayor, what she is saying is she never received notice from anybody. Okay. And we accept that as true for this purpose without a hearing. So let's assume that her counsel did get notice, but he didn't notify her. Is she bound by his negligence? She could have filed an effective assistance of counsel claim, but that was never done. So unless she does that, she's bound. Is that what you're telling us? According to the regulations and this Court's case law due process, there is no violation of due process if reasonable measures were taken to serve either attorney of the petitioner or petitioner herself in a manner reasonably calculated to reach those people or those individuals. And that was done in this case. Two notices were mailed out to the petitioner and her attorney, and there is no evidence in the record to show that they did not – What's the evidence in the record that those notices were, in fact, mailed? The notices are in the record, and so there's a presumption that they have been mailed out. But there's no affidavit from anybody that they mailed them? From the Immigration Court? No. No, there's no affidavit from the Immigration Court, no. In conclusion, as I stated, the record evidence clearly indicates that notices were mailed out to both petitioner and her attorney, which shows that constructive notice, if not actual notice, was, in fact, completed here. And like I said, the case is distinguishable from SELTA, as in that case, it was remanded to determine a standard for regular mail. Here, the standard was adhered to. She did submit an affidavit. Whatever the lawyer was worth, I mean, he did file pretty promptly, correct? Yes, it was on November – well, his motion to reopen is dated November 24th, and the stamp, the agency stamp, indicates that it was submitted on December 2nd. What do we do with the testimony or the evidence that he was somehow misled by the clerk of the Immigration Court? The affidavit that he submitted with this – with the petition for review, it's not in the record. The immigration judge never got to review it, consider it. It's not properly even before this Court. It wasn't in the evidence that he – The affidavit was not in the evidence, was not part of the motion to reopen. Well, he – for what it's worth, you know, he did, as part of the motion, he does attach his statement. I attested the facts presented in the attached motion to reopen. Now, whether that's a proper affidavit or not is another question, but he did attempt. And he does say that on November 15th, counsel's staff informed him of a discrepancy with the Court's telephonic database, which indicated November 18th for a master hearing. Well, according to the Supreme Court's case in INS v. Pinpathia, unsupported allegations of counsel in a brief or appeal or motion, for that matter, are not evidence. He knew enough to submit an affidavit. He did it with the brief before this Court. He did not submit a sworn affidavit with the motion to reopen. Would that have been enough to trigger a need for a hearing? I cannot say what the immigration judge would have done with that information. But he did have that information. But not in a sworn affidavit. These were the unsupported allegations of the attorney. Well, you're saying – Nor did she state, nor did Ms. Azuz state in her affidavit that my counsel did not receive notice. She stated her, she did not receive notice, and she also stated that her mailing address hasn't changed. Yet she received the prior notices, and she also, both her and her counsel somehow found out about the in absentia order removal, which were all mailed at the same addresses. It seems to me that one might assume that counsel received notice, but it was confused and called, and that that's reflected here, that they didn't understand whether it was going to be the 18th or the 25th, and that the clerk confirmed it would still be on the 25th. So that evidence was there and should have been considered, I guess. If it's considered evidence, according to the Supreme Court's case on Pinpatia, those allegations are not evidence. Unsupported allegations by counsel are not evidence. But would they trigger a hearing? If they had been placed in a sworn affidavit, what the immigration judge would have done with those statements, I cannot say for certain. But maybe, because a large part of the immigration judge's decision is based on the fact that there's no evidence to show that counsel did not receive proper notice. Okay. Thank you, Your Honor. Thank you. Your Honor, when Petitioner X's counsel moved to reopen the case, he contended that the only notice he had was that the hearing was on November 25th, and that's why he called the clerk. Is that in an affidavit somewhere? No, but ---- See, that's what I asked you before, and you said, yeah. And now it's no. So there wasn't an affidavit. There wasn't an affidavit. But Petitioner X's counsel is an officer of the court. When he writes that in his motion to reopen, that should be entitled to evidentiary weight, and that should have ---- No. That's not the law. He's a witness. He becomes a witness. If he's a witness, he needs to submit an affidavit. I see. But when the immigration judge saw an affidavit from the petitioner stating that she never received the notice that the hearing was on November 25th from anyone, that the immigration judge should have held an evidentiary hearing to determine the veracity of her statement. Well, I think, you know, your strongest argument is that the petitioner attended six previous hearings and promptly filed a motion to reopen. So she certainly hadn't abandoned her effort to stay in the United States, that's for sure. That's right, Your Honor. But nonetheless, I mean, there is nothing in the record to suggest that her counsel didn't get notice. Okay. Thank you. Thank you. Thank you, Mr. Wolf.
judges: Ezra, Fletcher B. , Paez